J. J. WHITE LUMBER Co. *v.* McCOMB CITY TURPENTINE Co.

[71 South. 643.]

CLERKS OF COURT. *Fees. Copies and duplicates.*

Under Laws 1914, chapter 209, amending Laws 1912, chapter 144, requiring clerks of circuit and chancery courts to make and retain copies which may be carbon copies, of the transcript of records certified by them to the supreme court, fees will not be allowed to such clerk for the copies retained by them, but fees

will only be allowed to the clerk of the court below for such copies of papers and proceedings as are actually filed in the supreme court.

On motion to retax cost. From former opinion see 71 So. 5.

PER CURIAM. This cause was disposed of on a former day, and we are now asked to retax the costs by disallowing one-half of the fees claimed by the clerk of the court below. The record contains one hundred and eighty thousand words, which, at ten cents per hundred, amounts to one hundred and eighty dollars. The clerk of the court below has included in his fee bill a charge, not only for the one hundred and eighty thousand words contained in the transcript, but also for the one hundred and eighty thousand contained in the copy thereof, which he made and retained in his office under the provisions of chapter 209, Laws 1914, amending chapter 144, Laws 1912, making a total of three hundred and sixty thousand words, which at ten cents per hundred, amount to three hundred and sixty dollars. We do not think this statute contemplates an allowance of fees to the clerks of the circuit and chancery courts for making and retaining the copies, which may be carbon copies, of the transcripts of records certified by them to this court, thereby doubling the cost of a transcript of the record on appeal; but, conceding for the sake of the argument that they are entitled thereto, such fees cannot be allowed here, for the reason that fees are allowed in this court to the clerks of the courts below only for the copies of the papers and proceedings actually filed in this court.

*Motion sustained.*

HOLDEN and SYKES, JJ., dissenting.